UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEONARDA BAUTISTA, as Parent and Natural Guardian
Of A.B., and LEONARDA BAUTISTA, Individually,

                             *Plaintiffs*,       23-cv-11161 (ALC) (RFT)

    -against-

                                                        **OPINION**
**AND ORDER**

DAVID C. BANKS, in his official capacity as Chancellor
of the New York City Department of Education, and THE
NEW YORK CITY DEPARTMENT OF EDUCATION,

                             *Defendants*.

---

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Leonarda Bautista ("Plaintiff" or "Parent"), individually and as parent and natural guardian of A.B. ("Student"), filed a complaint pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* and New York State law against Defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (Collectively "Defendants") to appeal the August 22, 2023 Decision of State Review Officer Justyn P. Bates ("SRO"), designated SRO Decision No. 23-131, relative to the May 26, 2023 Findings of Fact and Decision ("FOFD") of Impartial Hearing Officer Steven P. Forbes ("IHO"), which concerned the Student's attendance at the International Institute for the Brain ("iBRAIN" or "School"). ECF No. 1.

In the complaint, Plaintiff alleges that A.B.'s right to a free appropriate public education ("FAPE") was violated when they were denied funding for 1:1 nursing services and special transportation. *Id.* at ¶ 16. Plaintiff requests the Court conduct an independent review, reverse the SRO's decision, declare that the DOE did not provide A.B. a FAPE, and award direct funding for

A.B.'s 1:1 nursing services and special transportation during the 2022-2023 extended school year. *Id.* at ¶¶ 77-89. Additionally, Plaintiff seeks reimbursement for litigation expenses, including attorneys' fees, and any other just and equitable relief. *Id.* at ¶¶ 84-89.

Defendants request that the Court grant their cross-motion for summary judgment and deny Plaintiff's request for summary judgment. ECF No. 34-1. They argue the SRO's detailed analysis and Plaintiff's alleged failure to provide sufficient evidence for additional services should result in the Court upholding the decision to award $267,097.60 for tuition only. *Id.* Defendants further argue that new evidence presented by Plaintiff should not be considered, as it was not introduced during the administrative process. *Id.* The Plaintiff, however, claims that the IHO and SRO erroneously found that funding 1:1 nursing and special transportation for A.B. is not required, based on a failure to perform due diligence, inadequate review of the administrative record, and a mistake from an inexperienced attorney who failed to enter a nursing contract into evidence and did not correct the IHO when discussing the relief requested. ECF No. 35 at 6. For the reasons set forth below, Plaintiff's request for summary judgment is **DENIED** and Defendants' cross-motion for summary judgment is **GRANTED**.

## STATEMENT OF FACTS

Plaintiff Leonarda Bautista is the parent and natural guardian of A.B., a child with multiple disabilities who is non-verbal, non-ambulatory with a seizure disorder, global development delays, callosal agenesis, Cortical Visual Impairment, and nystagmus. ECF No. 1 at ¶¶ 30, 52-54. Plaintiff alleges that the DOE violated IDEA when it failed to provide funding for A.B.'s nursing services and transportation during the 2022-2023 extended school year. *Id.* at ¶¶ 41, 48, 49. On October 31, 2022, Plaintiff filed a Due Process Complaint ("DPC") alleging, *inter alia*, that the DOE failed to offer A.B. a FAPE for the 2022-2023 extended school year, that

iBRAIN was an appropriate unilateral educational placement, and that the equities favored the Plaintiff's claims for relief in the form of direct funding for tuition, related services, nursing, and transportation costs for the 2022-2023 extended school year. *Id.* at ¶ 61.

On May 26, 2023, IHO Forbes found that by failing to appear at the hearing, the DOE conceded that it failed to provide A.B. with a FAPE and that iBRAIN was an appropriate unilateral placement. *Id.* at ¶ 64. However, IHO Forbes did not order the DOE to cover the costs of 1:1 nursing services and special transportation. *Id.* at ¶ 65. On August 22, 2023, SRO Bates found there was insufficient evidence in the hearing record to show that A.B. received the disputed nursing services for the 2022-2023 extended school year. *Id.* at ¶ 69. In the complaint, Plaintiff argues that SRO Bates erred by failing to order the DOE to fund A.B.'s 1:1 nursing services for the 2022-2023 extended school year and by failing to address the issue of DOE funding the full award cost of special transportation services pursuant to the Parent's transportation agreement with the transportation provider. *Id.* at ¶¶ 70-72. Plaintiff asserts that the decision violates IDEA, federal regulations, and New York State Education Law. *Id.* at ¶ 76. Plaintiff seeks correction of these errors and appropriate relief under IDEA, including direct funding for A.B.'s full educational program at iBRAIN. *Id.* at ¶ 82.

## PROCEDURAL HISTORY

On December 22, 2023, Plaintiff filed a complaint against the Defendants alleging violation of A.B.'s rights under the IDEA, 20 U.S.C. § 1400, *et seq.* and New York State law. ECF No. 1. In the complaint, Plaintiff asks the Court for *de novo* review, and to reverse the SRO's decision, declare that the DOE did not provide A.B. a FAPE, and award direct funding for all necessary educational services. ECF No. 1. Additionally, Plaintiff seeks reimbursement for litigation expenses, including attorneys' fees, and any other just and equitable relief. *Id.*

On May 17, 2024, the Plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56, as well as their memorandum of law in support and Rule 56.1 statement . ECF Nos. 20-22. On August 5, 2024, Defendants filed a notice of cross-motion for summary judgment, memorandum of law in support of their cross-motion for summary judgment and in opposition to Plaintiff's motion for summary judgment, and a response to Plaintiff's Rule 56.1 Statement. ECF Nos. 34, 34-1, 34-2. On August 19, 2024, Plaintiff filed a memorandum of law in opposition to Defendants' cross-motion for summary judgment and in further support of Plaintiff's motion for summary judgment and a response to Defendants' 56.1 statement. ECF Nos. 35, 36. On September 5, 2024, Defendants filed a reply memorandum of law in further support of their cross-motion for summary judgment and in opposition to Plaintiff's motion for summary judgment. ECF No. 37. The Court considers these motions fully briefed.

## STATUTORY FRAMEWORK

The IDEA mandates that states receiving certain federal funds provide a FAPE to children with disabilities. See 20 U.S.C. § 1401(8). A FAPE should "emphasize[ ] special education and related services designed to meet the unique needs" of a child with a disability and "prepare" the child "for further education, employment, and independent living," 20 U.S.C. § 1400(d)(1)(A). "Related services" are "the support services required to assist a child to benefit from" [educational] instruction" tailored to the unique needs of a child with a disability, including school nursing services. *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 390–91 (internal quotation marks omitted); *see W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 149 (2d Cir. 2019); *see also* 20 U.S.C. § 1401(26)(A) (listing nursing services). To meet this statutory standard, such an education must be administered in accordance with the Individualized Education Program ("IEP"). *Id*. The IEP is a written statement that "sets out the

child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 102–03 (2d Cir. 2016) (quoting *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012)). "The IDEA requires that an IEP be 'reasonably calculated to enable the child to receive educational benefits.'" *R.E.*, 694 F.3d at 175 (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)).

When a parent believes that the State has failed to offer her child a FAPE, the parent may file a due process complaint and attend a hearing before an IHO. *See* 20 U.S.C. § 1415(b)(6); N.Y. Educ. Law § 4404(1). Such a complaint initiates an "administrative challenge unrelated to the concept of constitutional due process." *R.E.*, 694 F.3d at 175. If the parent's concerns are not resolved at a "[p]reliminary meeting," 20 U.S.C. § 1415(f)(1)(B)(i), the matter proceeds to a hearing before the IHO, *id.* § 1415(f)(1)(A); *see also id.* § 1415(f)(3)(A)(i), who must "determin[e]... whether the child received a [FAPE]," *id.* § 1415(f)(3)(E)(i); *see also* N.Y. Educ. Law § 4404(1)(a). The IHO's decision is appealable by either party to an SRO, who must "conduct an impartial review" of the IHO's "findings and decision." 20 U.S.C. § 1415(g); N.Y. Educ. Law § 4404(2). "Any party aggrieved by" the SRO's decision "ha[s] the right" to seek judicial review by filing a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A); *see also* N.Y. Educ. Law § 4404(3)(a)."Though the parties in an IDEA action may call the procedure a motion for summary judgment, the procedure is in substance an appeal from an administrative determination, not a summary judgment." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005) (alterations and internal quotation marks omitted).

## LEGAL STANDARD

"Although the parties have styled their submissions as motions for summary judgment, 'the procedure is in substance an appeal from an administrative determination, not a summary judgment.'" *C.U. v. New York City Dep't of Educ.*, 23 F.Supp.3d 210, 222 (S.D.N.Y.2014) (quoting *Lillbask*, 397 F.3d at 83 n. 3). While an IDEA appeal is in the form of a summary judgment motion, the existence of a genuine issue of material fact will not result in a denial. *J.R. ex rel S.R. v. Bd. of Educ.*, 345 F.Supp.2d 386, 394 (S.D.N.Y.2004). Instead, a federal court reviewing an administrative decision under IDEA bases its decision on an independent review of the record using a "preponderance of the evidence" standard. *Bd. of Ed. v. Rowley*, 458 U.S. 176, 205 (1982). In reviewing an IDEA action, the Second Circuit has held that "[w]hile federal courts do not simply rubber stamp administrative decisions, they are expected to give due weight to these proceedings, mindful that the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Sherman v. Mamaroneck Union Free Sch. Dist.*, 340 F.3d 87, 93 (2d Cir.2003) (quoting *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998)).

A district court must conduct an independent review of the record and exercise its own judgment in deciding whether to grant tuition reimbursement, but it also must give due deference to the decisions of the experts below. *Bettinger v. New York City Bd. of Educ.*, No. 06 CV 6889 (PAC), 2007 WL 4208560, at *4 (S.D.N.Y. Nov. 20, 2007). "[C]ourts may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'" *T.Y. ex rel. T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). Nor may the courts make subjective credibility assessments or weigh the testimony of educational experts when the state authorities have

already performed these functions. *M.H v. New York City Dep't of Educ*, 685 F.3d 217, 240 (2d Cir. 2012). In this way, "the role of federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" *Id.* (quoting *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007)). Generally, either "party aggrieved" by the findings of the SRO "shall have the right to bring a civil action" in either state or federal court. 20 U.S.C. § 1415(i)(2)(A). When such an action is brought in federal district court, the court reviews the records of all of the prior administrative hearings and must hear additional evidence if so requested by either of the parties. *Id.* at § 1415(i)(2)(c). The court typically considers the propriety of the IEP on the parties' cross motions for summary judgment. *M.H.*, 685 F.3d at 225.

## DISCUSSION

### I. IHO and SRO's Decision

The Court upholds the SRO's decision affirming the IHO Forbes' finding that there was insufficient evidence in the hearing record to find that the Student received individual nursing services during the 2022-2023 extended school year and limiting Plaintiff's funding award to $267,097.60 in tuition for their unilateral placement at iBRAIN. "[W]here the SRO and IHO agree, deference to the conclusions of the administrators ... is particularly appropriate." *C.W. v. City Sch. Dist. of the City of N.Y.*, 171 F. Supp. 3d 126, 131 (S.D.N.Y. 2016) (quotation omitted). "The IHO's, and even more so, the SRO's, evaluation of [ ] evidence is entitled to deference." *M.M. v. N.Y. City Dep't of Educ.*, No. 15-CV-5846, 2017 WL 1194685, at *7 (S.D.N.Y. Mar. 30, 2017) (affirming the IHO and SRO's refusal to consider submitted evidence). Most importantly, deference "is particularly appropriate when ... the [SRO's] review has been thorough and careful." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998). In particular, deference is warranted where, as here, the SRO "conducted a thorough review of the entire

record ... and clearly explained the bases for [the] conclusions." *See M.W. v. Bd. of Educ.*, No. 12-cv-1476 (ER), 2013 WL 2631068, at *23 (S.D.N.Y. June 12, 2013), *aff'd sub nom. Ward v. Bd. of Educ.*, 568 F. App'x 18 (2d Cir. 2014).

Upon review of the SRO's decision and an independent review of the certified administrative record, the Court finds that the SRO's decision was thoroughly reasoned and based on a careful consideration of the case law and applicable facts, as well as supported by the administrative record. Where an SRO decision "is reasoned and supported by the record," the district court should not disturb it. *Schreiber v. E. Ramapo Cent. Sch. Dist.*, 700 F. Supp. 2d 529, 547 (S.D.N.Y. 2010) (internal citations omitted). In the instant motion for summary judgment, Plaintiff argues that the IHO and SRO unjustly focused their denial of Plaintiff's requests for reimbursement for both transportation and nursing services based on a mistake from an "inexperienced attorney." ECF No. 32 at 2. More specifically, the Plaintiff argues that the IHO's decision was based on a "single statement" made by the Plaintiff's counsel during the final hearing when asked whether the total amount that the Parent is seeking is $267,097.60 and Plaintiff's counsel responded, "That is correct." DOE000317-318.  Here, the Plaintiff's reliance on this brief exchange between IHO Forbes and Plaintiff's counsel to suggest that both the IHO and SRO's determinations were not based on a thorough review of the evidence that was presented during the hearing is misleading.

As for the nursing services, this Court maintains that there was no documentary evidence nor proof of any agreement in the record establishing that the parent was responsible for the costs of 1:1 nursing services allegedly provided to A.B. The Defendants assert that during the administrative proceedings, IHO Forbes requested additional evidence to justify the need for 1:1 nursing services, which Defendants claim was not satisfactorily provided by the Plaintiff. ECF

No. 34-2 at ¶ 47. The evidence submitted by Plaintiff, including medical records purporting to support the provision of 1:1 nursing services and a letter from the Student's physician, was deemed insufficient to support the need for both a paraprofessional and 1:1 nursing services at school. *Id*. at ¶¶ 48, 50. Indeed, the Plaintiff neither submitted a contract for nursing services into evidence nor indicated that such an agreement existed. Therefore, the SRO correctly held that:

> [T]he evidence of the student's need for individual nursing services is insufficiently vague to support a finding that appropriate programming for the student included all of the individual services the student was receiving. As a final matter, regardless of whether the student required 1:1 nursing services, there is also little evidence in the hearing record that the student actually received nursing services during the 2022-23 school year… Additionally, there is no evidence as to how or by whom such services were provided to the student and there is no indication in the hearing record that the parent has a financial obligation to pay for such services.

ECF No. 34-1 at 13-14; *see also* DOE0000011-12.

Turning to the reasonableness of the denial of transportation services, this Court finds that it was reasonable for the IHO and SRO to deny funding for the Student's special transportation. Plaintiff maintains that they entered a transportation contract into evidence to substantiate their claims for transportation services. ECF No. 32 at 17. However, Defendants point to the fact that Plaintiff's counsel never mentioned transportation during the administrative proceeding before the IHO. ECF No. 34-1 at 17; *see also* ECF No. 1-2 ("The hearing record shows that although nursing services were brought up as an issue during the hearing, in multiple instances where counsel for the parent discussed what relief was being sought, counsel for the parent did not mention transportation.") When the Plaintiff appealed the IHO's decision, the Parent asserted that the IHO erred in failing to award a flat rate of $233 per school day regardless of whether they used the services or not. ECF No. 1-2 at 6. The SRO found that the IHO did not err in not "combing through the hearing record to conduct transportation calculations and then award the parent relief for which the parent did not make an affirmative request when

specifically asked what total amount was being requested." *Id.* at 10. Therefore, it was reasonable for the IHO to rely on Plaintiff's counsel's statement that the Parent was not seeking anything more than $267,097.60 in iBRAIN tuition funding. ECF No. 34-1 at 13-14; *see also* DOE000012.

## II. Plaintiff's Request to Admit Additional Evidence

Plaintiff's request for this Court to consider additional evidence outside of the administrative record is denied. As an initial matter, Section 1415(i)(2)(C) of the IDEA provides that "the [district] court (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Although the statute is worded broadly and provides that courts "shall hear additional evidence at the request of a party," 20 U.S.C. § 1415(i)(2)(C)(ii), courts have been unwilling to admit additional evidence when fairness and other equitable considerations cut against doing so. *See, e.g.*, *M.B. v. N.Y. City Dep't of Educ.*, No. 14-CV-3455, 2015 WL 6472824, at *2 (S.D.N.Y. Oct. 27, 2015) ("A lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case." (quotation omitted)). The Second Circuit has not yet addressed the standard for admitting additional evidence on appeal from the SRO. In the absence of controlling precedent from the Second Circuit, many district courts within this Circuit have adopted the approach established by the First Circuit. *See L.V. v. Rye City Sch. Dist.*, No. 22-CV-4255, 2023 WL 5744421, at *2 (S.D.N.Y. Sept. 6, 2023) (explaining that the First Circuit approach has been used by district courts within the Second Circuit and other circuits).

Here, the Plaintiff seeks to present additional evidence in support of nursing services, which includes a copy of the Nursing Affidavit and Nursing Services Contract for Plaintiff A.B. for the 2022-2023 school year. ECF No. 24. Neither Plaintiff nor Plaintiff's counsel, however, has provided this Court with a justification for their failure to present the evidence of nursing services in the first instance during the administrative hearing. The First and Fourth Circuits held that "a lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial *de novo.*'" *Springer by Springer v. Fairfax County Schoolboard,* 134 F.3d 659, 667 (4th Cir. 1998) (quoting *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 997 (1st Cir. 1990)). Therefore the exclusion of "testimony from all who did, or could have, testified before the administrative hearing" would be "an appropriate limit in many cases." *Burlington v. Dep't of Edu.,* 736 F.2d 773, 790 (1st Cir. 1984). Along with other circuits, we adopt the *Burlington* approach. *See, e.g., Monticello Sch. Dist. No. 25 v. George L.,* 102 F.3d 895, 901 (7th Cir.1996); *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467, 1472–73 (9th Cir.1993), *cert. denied,* 513 U.S. 825 (1994). The Court also notes that Plaintiff's counsel was recently denied the opportunity to submit new evidence during an appeal from an SRO decision in this district. *See Landsman v. Banks*, No. 23-CV-6404, 2024 U.S. Dist. LEXIS 135370, at *9-11 (S.D.N.Y. July 31, 2024) (denying request to submit additional evidence on SRO appeal where IHO and SRO both found insufficient evidence to show that services were appropriate for student's needs and where "[p]laintiff had every opportunity" to submit evidence below). Therefore, in light of this authority, this Court will adopt this approach and deny the consideration of additional evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is hereby **DENIED** and Defendants' cross-motion for summary judgment is otherwise **GRANTED**. The Clerk of Court is directed to terminate all pending motions and close this case.

**SO ORDERED.**

Dated: March 19, 2025
      New York, NY

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**